IRA COLE v. THE PEOPLE.

*Informations—Statute of Amendments—Identification of Stolen Goods— Circuit Court Rule 32—Misnomer of Offense in the Order for Judgment.*

An information filed September 26, 1876, alleged an offense of breaking and entering a store as committed December 25 1876. *Held* that the anachronism was cured by the Statute of Amendments. Comp. L., §§ 7923, 7940.

Identification of stolen goods by the marks on tabs attached to them is admissible.

Circuit Court Rule 32 allowing two days after verdict within which to move in arrest of judgment, has no application to criminal cases.

Burglary is the felonious breaking and entering of a dwelling-house in the night-time.

Misnomer of the offense in the entry of the order for judgment does not affect the conviction when the record shows what the offense really was.

Error to Livingston. Submitted Oct. 16. Decided Nov. 1.

CRIMINAL INFORMATION for breaking and entering in the night time a store not connected with a dwelling, with intent to steal. The facts are in the opinion.

*Luke S. Montague* for plaintiff in error. An information should affirmatively show that the offense was committed at a time when it would not be barred by the Statute of Limitations, *State v. Rust*, 8 Blackf., 195; *State v. G. S.*, 1 Tyler, 295; *Rex v. Chandler*, 5 Mod., 446; *People v. Gregory*, 30 Mich., 372; *State v. Davidson*, 36 Tex., 325; and it is as fatal to an information that the offense is laid on a future day as if no time had been stated, *State v. Sexton*, 3 Hawks, 184, since it does not charge an offense as already committed, *Com. v. Doyle*, 110 Mass., 103. An information must so allege the offense as to fully inform the accused of the nature of the accusation, *Enders v. People*, 20 Mich., 241; *Wattles v. People*, 13 Mich., 451; *People v. Olmstead*, 30 Mich., 439. Stolen goods cannot be identified by a comparison of the marks on tabs attached to them with the marks on other tabs, when the latter are not in evidence, *Vinton v. Peck*, 14 Mich., 295; *Matter of Foster's Will*, 34 Mich., 26; Greenl. Ev., §§ 578, 580, and a witness testifying to a comparison of handwriting should first be shown to be an expert, *Chandler v. Le Barron*, 45 Me., 534; *Adams v. Field*, 21 Vt., 256. Motion in arrest of judgment cannot be made after sentence, *Hood v. State*, 44 Ala., 85; 1 Bish. Cr. Pro., § 1110; Com. Dig. "Indictment," N. A sentence can only be amended at the same term of court and by the same judge, *State v. Harrison*, 10 Yerg., 542; *Archbold's Crim. Prac.* (8th ed.), 583, n; 593, n. 1.

Attorney General *Otto Kirchner* for the People.    Where averments of time are merely formal, defects in them may be cured by statute, 1 Bish. Cr. Pro., § 386; Comp. L., § 7912, subd. 4; § 7923.    Defendant was not, by being sentenced, deprived of the right of moving for a new trial. *People ex rel. Gibson v. Bay County Clerk*, 14 Mich., 169.

COOLEY, C. J.    The information in this case, a copy of which is given in the margin, * was for the statutory offense of breaking and entering a certain store in the night time with intent to commit larceny therein.    The information was filed September 26, 1876, but by some clerical error the time of the alleged offense was given as December 25,

---

* The information appears in the record to be in the following form:

STATE OF MICHIGAN  }
  COUNTY OF LIVINGSTON  } ss.

THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON.

Andrew D. Waddell, Prosecuting Attorney for the county of Livingston aforesaid, for and in behalf of the People of the State of Michigan, comes into said Court in the September term therof, 1876, and gives it here to understand and be informed that Ira Cole, late of the township of Hartland, in the county of Livingston and State of Michigan, heretofore, to-wit: on the twenty-fifth day of December, in the year one thousand eight hundred and seventy-six, at the township of Hartland, in said Livingston county, at about the hour of two o'clock in the night time of said day, the store of Jacob S. Griswold and James H. Norbert, then and there situated, not adjoining to or occupied with a dwelling house, feloniously did break and enter with the intent then and there the goods and chattels of the said Jacob S. Griswold and James H. Norbert, in the said store then and there being found, then and there feloniously and burglariously to steal, take and carry away, contrary to the form of the statute in such case made and provided, contrary to the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

ANDREW D. WADDELL,
*Prosecuting Attorney for the County of Livingston.*

STATE OF MICHIGAN  }
  COUNTY OF LIVINGSTON  } ss.

Jacob S. Griswold, being duly sworn, deposes and says that he knows the contents of the above information, and he verily believes the same to be true as therein set forth.

JACOB S. GRISWOLD.
Sworn to and subscribed before me, at Howell, this 26th day of September, A. D. 1876.

BENJ. F. BATCHELER, *Clerk.*

1876. This error is now relied upon as a ground for a reversal of the judgment.

I. The time named, it will be seen, was simply an impossible time, because it was a time still in the future. But the defect in this particular is cured by the statute—Comp. L. § 7923—which provides that no indictment shall be held insufficient for the following among other errors and defects: "for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or any impossible day, or on a day that never happened." This statute applies to informations also—Comp. L., § 7940—and it plainly covers the case. Indeed it would have been difficult for the Legislature to employ language more precisely applicable. Nor can there be any valid objection to such a statute, on the ground of its invasion of the constitutional right of the defendant to be informed of the accusation against him. The error could not mislead or prejudice him in any manner.

II. On the trial it became material to identify certain articles found in the possession of defendant with those said to have been stolen from the store named in the information. For this purpose the tabs upon them were examined, and a witness was allowed to testify that the marks on those found with the defendant and those previously in the store were alike. This it is said was permitting the witness to testify to handwriting by comparison. But handwriting was not in question here, and the handwriting of no one was sought to be proved. The marks, it is true, might be alike, because consisting of the same letters and made by the same person; but this fact could constitute no reason for excluding any one who had examined them from testifying to their similarity and apparent identity, any more than if they had been made by a stamp or other mechani-

cal contrivance.    Identification by such appearances stands on no other or different ground than would identification by the color of paper and ink, the size of the tabs and the manufacturer's stamp, if any, upon them: indeed all such particulars would properly be gone into, and would be considered by a witness testifying cautiously on so important a matter.

III. It is complained that plaintiff in error was not allowed two days after conviction in which to move in arrest of judgment; and circuit court rule 32 is relied on.    It is sufficient for the purposes of this case to say that that rule has no application to criminal cases.

IV. In the sentence as entered of record the offense is designated burglary.    This was erroneous; the offense is not burglary, but is a statutory offense quite different from that in some particulars.    Burglary is the felonious breaking and entering of a dwelling house in the night time; this offense is the felonious breaking and entering in the night time of a store not adjoining to or occupied with a dwelling house.    But this misnomer in the order for judgment is of no importance; it could not affect the rights of the plaintiff in error, and it would be corrected by the record itself, which shows what the offense really was.

We find in the judgment no error of a substantial nature, and it must be affirmed.

CAMPBELL and GRAVES, JJ., concurred.

MARSTON, J., did not sit in this case.