PEOPLE v. MOLONEY.

1. CRIMINAL LAW — RECEIVING STOLEN GOODS — PROOF OF FELO-NIOUS TAKING.

Upon a prosecution for receiving stolen property, evidence that the barber shop of the complaining witness was broken open in the night-time, that, when he came there in the morning, nothing was in the place, and that the articles lost, which belonged to him, consisted of those described in the information, was sufficient to justify a finding that the property was feloniously taken.

2. SAME—IDENTIFICATION—EVIDENCE—QUESTION FOR JURY.

The testimony of the complaining witness that one of the razors found in the respondent's possession had a rivet similar to that in one stolen from him, and that he had never seen any other razor with such a rivet, was sufficient to go to the jury upon the question of the identity of the property.

Error to recorder's court of Detroit; Chapin, J.  Submitted June 17, 1897.  Decided June 28, 1897.

Michael Moloney was convicted of knowingly receiving stolen goods.  Conviction affirmed.

*Walters, Humphrey & Walters*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Henry A. Mandell*, Assistant Prosecuting Attorney, for the people.

MONTGOMERY, J.  Respondent was convicted of the offense of receiving stolen property, knowing it to be stolen.  The sole question presented on this record is whether there was any testimony tending to show that the offense was committed.  We think the circumstances testified to by the complaining witness—*i. e.*, that his barber shop was broken open in the night-time; that, when he came there in the morning, there was not anything in the place; that it was all taken out; that the stuff he lost, which was his property, consisted of the property described in the information—tend to prove that the property was taken feloniously.  *People* v. *Oblaser*, 104 Mich. 579.

The chief contention is that the witness did not identify the property.  He testified that the property looked like his, and in answer to the question: "Will you look particularly, and see if there is anything about those that you recognize?  Look at those razors, for instance,"—testified:

"This one here, with the rivet in it; that is the only way I could—
"*Q*. With the rivet?
"*A*. Yes.
"*Q*. You recognize that rivet, do you?
"*A*. I had a razor with a rivet.
"*Q*. Like that?
"*A*. Yes."

On cross-examination he testified:

"*Q.* Those razors that you say look like yours; are you any more positive that those razors are yours than you are that that other stuff is yours?

"*A.* This one here—

"*Q.* Or do you testify that they simply look like yours? Do they look like yours, or are they yours?

"*A.* This one here is the only one. This one here.

"*Q.* What is the difference between this razor and the regular barber's razor?

"*A.* There isn't any difference except that I had a razor with a rivet in it.

"*Q.* Did you ever see a razor before that had a rivet in it?

"*A.* Yes; not like that, though."

We think this was some evidence of the identity of the property with that stolen, and was properly submitted to the jury. *Cole* v. *People*, 37 Mich. 544; *People* v. *Pitcher*, 15 Mich. 397.

Conviction affirmed.

The other Justices concurred.