PEOPLE *v.* COOK.

1. CRIMINAL LAW—BURGLARY—EVIDENCE.

   Admission into evidence of 2 stolen bottles of whiskey found in automobile driven by defendants, charged with breaking and entering a business place with intent to commit larceny, as well as 2 bottles of same kind of whiskey remaining in place burglarized, *held,* proper, where there was evidence before the admission that police observed 1 of the defendants standing in front of a drugstore, and later as they were returning to the drugstore heard glass breaking, observed a car with 2 occupants leave the area at a high rate of speed with the lights off, chased the car, apprehended 1 of the defendants almost immediately after they had fled from the car, and found 2 bottles of whiskey in the car, and where a witness gave testimony identifying 1 of defendants as the person whom he saw running to and entering the car with two bottles of whiskey soon after the glass broke, and further testified that he saw another man in the car and observed the car leave the area at a high rate of speed as soon as the man with whiskey entered it (CL 1948, § 750.110, as amended by PA 1964, No 133).

2. SAME—EVIDENCE—OBSERVATION OF POLICE OFFICER.

   Testimony by policeman in prosecution for breaking and entering a business place with intent to commit larceny that he observed a registration for an automobile used in getting away from the scene of the breaking and entering in the possession of 1 of the defendants when he stopped the defendant and asked him to identify himself late at night *held,* properly admitted where the police were justified in stopping the defendant and in requesting that he identify himself, as against contention that the evidence about the registration should be ex-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary §§ 44, 53, 55, 59; 29 Am Jur 2d, Evidence §§ 288, 289.
[2] 13 Am Jur 2d, Burglary § 44; 29 Am Jur 2d, Evidence §§ 249, 266.
[3] 13 Am Jur 2d, Burglary §§ 45, 66, 68.
[4] 13 Am Jur 2d, Burglary § 67.
[5] 5 Am Jur 2d, Appeal and Error §§ 545, 623.

cluded because defendant was not advised of his right to counsel and his right to remain silent (CL 1948, § 750.110, as amended by PA 1964, No 133).

3. SAME—PRIMA FACIE CASE—CIRCUMSTANTIAL EVIDENCE.
   Denial of defendant's motion for directed verdict of acquittal in prosecution for breaking and entering a business place with intent to commit larceny was proper where there was substantial circumstantial evidence linking defendant with the crime, and it was proper to submit the case for jury determination (CL 1948, § 750.110, as amended by PA 1964, No 133).

4. SAME—JURY INSTRUCTION—AIDING AND ABETTING.
   Instruction to jury in prosecution of 2 defendants for breaking and entering a business place with intent to commit larceny that "it makes no difference which 1 of these defendants actually did the act, which constitutes a crime, if he or she aided and abetted and assisted in its commission", held, not to imply, when read in context, that 1 of the defendants actually committed the crime (CL 1948, § 750.110, as amended by PA 1964, No 133).

5. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW—INSTRUCTIONS.
   Objection to jury instruction as erroneous is not saved for review where no objection was made to the charge to the jury nor any request for further instructions made by defendants (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit; Schemanske (Frank G.), J.  Submitted Division 1 January 8, 1968, at Detroit.  (Docket No. 2,296.) Decided March 27, 1968.

Quinton and Elijah Cook were convicted of breaking and entering a business place with intent to commit larceny.  Defendants appeal.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Potvin, Tunney & Lawrence,* for defendants.

QUINN, P. J.  Defendants' jury trial held August 16 and 17, 1966, in recorder's court of Detroit resulted in a verdict of guilty of breaking and entering a business place with intent to commit larceny.[1] Judgment of sentence was entered on the verdict and defendants appeal, claiming error at trial in the receipt of certain exhibits in evidence, in the failure to exclude certain testimony of a police officer, in denial of a defense motion at the close of people's case for directed verdict of acquittal, and in the instructions to the jury.

About 11:15 p.m., June 9, 1966, police in a scout car observed a man, later identified as Quinton Cook, standing in front of a drugstore located at the corner of Townsend and Gratiot, Detroit. As the scout car returned to this location via an alley, the police heard glass breaking. They observed a 1957 Ford with 2 occupants leave the area at a high rate of speed with the lights off. At trial, a witness identified Quinton Cook as the person the witness saw carrying 2 fifths of whiskey, running to and entering a Ford soon after the glass broke. This same witness saw another man in the car and also testified that the car left the area at a high rate of speed as soon as the man with the whiskey entered it. The police gave chase, at times going 50 to 60 miles per hour. At the end of 5 or 6 blocks, the Ford crashed into a telephone pole and the occupants fled. Quinton Cook was apprehended almost immediately. Two bottles of whiskey were found in the abandoned Ford as well as blood on the dashboard. From observation, the police were able to call in a description of the other occupant of the Ford and its license number to radio dispatch. This description was of a male negro in his twen-

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

ties wearing a light jacket and dark pants, probably injured with blood on him or bleeding; the license number was AG 9910. Very soon thereafter another policeman, who had received the foregoing description by radio, saw a man fitting the description crossing a parking lot in the vicinity of where the Ford crashed. This man was stopped and asked for identification, at which time the police saw a registration for the Ford in the name of Elijah Cook. Elijah Cook was then arrested.

At trial, exhibits 1 and 2, the whiskey found in the Ford after the crash, were admitted in evidence over objection. Exhibits 1A and 2A, bottles of the same kind of whiskey obtained from the drugstore that was burglarized, were similarly admitted. Defendants contend the admission of these exhibits was error because at the time of admission defendants had not been connected with the exhibits, and relying on *People* v. *McDonald* (1910), 163 Mich 552, they argue that possession of stolen property is no proof of burglary. This position ignores the chain of events recited above which definitely connect defendants with exhibits 1 and 2, and their admission was proper under *People* v. *Wood* (1894), 99 Mich 620. Admission of exhibits 1A and 2A was proper under *Cole* v. *People* (1877), 37 Mich 544.

The testimony of a police officer defendants say should have been stricken relates to a conversation between the officer and Elijah Cook when the latter was stopped and requested to identify himself, during which process the police observed the Ford registration. By some mental aberration, the defendants attempt to create a *Miranda*[2] situation on these facts and argue for the exclusion on the basis Elijah Cook was not advised of his right to counsel

---

[2] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

and to remain silent. We find nothing of *Miranda* here. The police were justified in stopping Elijah Cook and in requesting that he identify himself. During identification the police observed the Ford registration, and the police testimony in regard to the registration was proper under *People* v. *Kuntze* (1963), 371 Mich 419.

Defendant Elijah Cook's contention that it was error to deny his motion for directed verdict of acquittal at the close of people's proof on the basis a prima facie case had not been established against him is baseless. There was substantial circumstantial evidence linking Elijah Cook with the crime, and the case was properly submitted for jury determination. *People* v. *Gerndt* (1928), 244 Mich 622.

Part of the instructions to the jury is as follows:

"I further charge you, members of the jury, therefore, that the statute in question involves not only one who aids or abets in its commission of a crime, but one who procures or counsels in its commission. It makes no difference which one of these defendants actually did the act, which constitutes a crime, if he or she aided and abetted and assisted in its commission."

Defendants say this is erroneous as implying one of the defendants actually committed the crime. In context, we do not so read it, but rather view it as proper explanation of the application of the law to the facts of the case. In addition, the question was not saved for review since no objection was made to the charge nor was any request for further instructions made by defendants. GCR 1963, 516.2; *People* v. *Cassiday* (1966), 4 Mich App 215.

Affirmed.

J. H. GILLIS and HOLBROOK, JJ., concurred.