## PEOPLE *v.* EVERETT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—AIDING AND ABETTING.
   Failure of an instruction to the jury as to aiding and abetting to state specifically that the jury must find guilty knowledge or that the defendant had a criminal intent was not error where the charge read as a whole correctly stated the law governing the case and where defendant did not request a specific instruction.

2. CRIMINAL LAW—RES GESTAE WITNESS—INDORSEMENT—ACCOMPLICE.
   The people are under no obligation to indorse and call an accomplice as a *res gestae* witness.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 June 18, 1970, at Detroit. (Docket No. 6,934.) Decided October 2, 1970.

Richard Everett was convicted of breaking and entering of an occupied dwelling house. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and T. M. BURNS, JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 123.
[2] 29 Am Jur 2d, Evidence §§ 708, 722, 731.

PER CURIAM. Defendant and three others were charged with the breaking and entering of an occupied dwelling house.[1]

Prior to trial two of the others pled guilty to the lesser offense of attempted breaking and entering of a dwelling house.[2] Both of these men were indorsed by the people and called to testify against defendant at trial.

The other person charged, Frank Bradford, went to trial with the defendant. During the course of the trial, however, Bradford also decided to plead guilty to attempted breaking and entering. Bradford's plea was received out of the hearing of the jury but on the record. Bradford's statement made in conjunction with his plea was contrary to the testimony of the two who had pled guilty prior to trial in that it tended to exonerate defendant. The trial judge, after taking Bradford's plea, decided that he should remain at the defendant's table for the rest of the trial to forestall possible prejudice against the defendant in the eyes of the jury.

Despite Bradford's statement during the taking of his plea, he was not indorsed by the prosecution.

On appeal, the defendant asserts that there was not sufficient evidence to sustain the verdict of guilty beyond a reasonable doubt. After a review of the record, we cannot agree. See *People* v. *McDonald* (1968), 13 Mich App 226, 236, 237.

The defendant also claims that the trial court erred in instructing the jury as to aiding and abetting when he did not specifically state that the jury must find guilty knowledge or that the defendant had a criminal intent, even though the defendant did not request such instruction.

---

[1] MCLA § 750.110 (Stat Ann 1962 Rev § 28.305).
[2] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

Reading the jury charge as a whole, we find that it correctly stated the law governing the case. *People* v. *Cook* (1968), 10 Mich App 375, 379. Consequently, there is no merit to defendant's assertions of error as to the jury instructions.[3]

The final assertion of error by the defendant arises from the fact that the people did not indorse and call Bradford.

The defendant claims that since the people called the other two persons who were allegedly involved in the breaking and entering to testify against the defendant after they pled guilty to a lesser charge, they were obligated to call Bradford to protect defendant from a false accusation under *People* v. *Kayne* (1934), 268 Mich 186, 194. Although defendant makes a rather impassioned plea, he cites no authority in this jurisdiction or any other to support his claim of error.

We consider that this case is controlled by *People* v. *Chaney* (1970), 21 Mich App 120, 121; *People* v. *Virgil Brown* (1969), 15 Mich App 600, 603; and cases cited therein.

In view of *Chaney* and *Brown,* it was not error for the people not to indorse or call Bradford since he was an accomplice.

Despite the fact that the defendant need not have requested the indorsement of Bradford, if the people had been required to call him as a *res gestae* witness and not excused from such necessity by the fact that he was an accomplice, we find it interesting to note that Bradford was not called by the defense although he was present and available for such a call at least after his own plea was taken.

Affirmed.

---

[3] Further, we note that the issue was not properly saved for review since no objection was made to the charge. GCR 1963, 516.2; *People* v. *Cassiday* (1966), 4 Mich App 215; *People* v. *Charles Jackson* (1970), 21 Mich App 132.