PEOPLE *v.* CLARENCE WILLIAMS

CRIMINAL LAW—APPEAL AND ERROR—POLLING OF JURY—MANIFEST
INJUSTICE.

> A determination by the trial court that the jury found unanimously that the defendant was guilty as charged made after requiring the jurors to raise their hands rather than by the optimum practice of making a record of an affirmative response or an independent polling of the jurors will not be reviewed by the appellate court where defendant made no objection to the poll at trial and where the record shows no manifest injustice.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 September 7, 1971, at Lansing. (Docket No. 10150.) Decided November 24, 1971.

Clarence Williams was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Carl H. Leiter,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 545.
21 Am Jur 2d, Criminal Law § 370 *et seq.*

Per Curiam. Defendant was charged with armed robbery,* tried before a jury, found guilty, and was given an 8- to 20-year sentence.

The only issue raised is whether defendant is entitled to a reversal of his conviction for the crime of robbery armed based upon the claim that the jury verdict of "guilty as charged" was improper. The trial court, after hearing the clerk's inquiring of the jury panel as to its verdict, based on a raising of the jurors' hands, determined that the verdict of guilty of robbery armed was the unanimous verdict of the jury.

There was no objection raised below, though defense counsel was given adequate opportunity; and unless manifest injustice is shown, this Court will not review the issue. *People* v. *Ramsey* (1970), 25 Mich App 576; *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Ritholz* (1960), 359 Mich 539. While the court's failure to request a recorded affirmative response or an independent polling of the jurors does not reflect optimum practice, no manifest injustice has appeared. The issue is not preserved for appeal and the trial court is affirmed.

---

* MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).