PEOPLE v TIMOTHY WASHINGTON

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE COUNSEL—PREJUDICE.

Denial of effective assistance of counsel is not shown where the record only shows that counsel represented a codefendant and was appointed on the day of the preliminary examination, where defendant had not petitioned for appointment of counsel, and there was no showing of prejudice.

2. CRIMINAL LAW—SELF-INCRIMINATION—WARNINGS—CUSTODIAL INTERROGATIONS.

Constitutionally required warnings against self-incrimination apply only to custodial interrogations and not to a situation where a receipt signed by defendant for release of a car that belonged to him and had been impounded by police for being used in commission of a crime was used against him in a trial for that crime, since he was not in custody when the receipt was signed.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—UNANIMOUS VERDICT.

An instruction should be given to the jury in all criminal cases that the verdict must be unanimous, but it is not reversible error if the trial court, in charging the jury, instructs them that the twelve of them must decide the case, and counsel does not object, indicates his 'satisfaction with the instructions as given, and declines to poll the jury.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 May 11, 1972, at Detroit. (Docket No. 12946.) Decided September 28, 1972.

Timothy Washington, Jr., was convicted of

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 313.
[2] 21 Am Jur 2d, Criminal Law §§ 367, 449.
[3] 53 Am Jur 2d, Trial § 804.

breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Barbara & Wisok, P. C.,* for defendant on appeal.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

DANHOF, P. J. After a jury trial the defendant was convicted of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. He appeals and we affirm.

Defendant contends that he was denied effective assistance of counsel at the preliminary examination because counsel was appointed on the day of the examination and that counsel also represented a codefendant. Aside from some totally unintelligible testimony by the defendant the record contains only the bare facts that counsel represented a codefendant and was appointed on the day of examination.

The record of the preliminary examination does not sustain defendant's claim. Further, defendant did not petition for appointment of counsel, and although the lawyer had previously been appointed to represent the codefendant, the record contains no indication that the defendant was prejudiced. Therefore, there is no reversible error.

Defendant contends that statements he made shortly after his arrest were improperly admitted.

---

* Probate judge, sitting on the Court of Appeals by assignment.

The trial court held a hearing, out of the jury's presence, and determined that the requirements of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), had been met. This conclusion is supported by the record.

The perpetrators of the crime had fled the scene in a car belonging to the defendant. The police temporarily impounded the car but the defendant obtained its release and signed a receipt for it and its contents. Defendant now contends that the receipt should not have been admitted into evidence because he was not given the *Miranda* warnings before he signed it. *Miranda* applies to custodial interrogation. The defendant was not in custody when he signed the receipt.

The issue of substance raised by the defendant involves a purported failure by the trial court to instruct the jury that their verdict had to be unanimous. We emphasize that in all criminal cases such an instruction should be given. This is needed to avoid any confusion with verdicts in civil cases which are not required to be unanimous. Const 1963, art 1, § 14.

In the case at bar a better instruction might have been given, however, we find no reversible error. The trial court did give the following instruction:

"I told you that at the beginning and I tell you that now as an instruction that that presumption of innocence begins at the moment he is accused of the crime and it continues throughout the investigatory proceedings, throughout this trial and until the jury, *the twelve of you* have decided that the people have met their burden * * * ." (Emphasis added.)

In addition, trial counsel for the defendant did not request a further instruction and indicated satis-

faction with the instructions as given. Counsel also declined the trial court's offer to poll the jury.

Affirmed.

All concurred.