PEOPLE v KING

Robbery—Armed Robbery—Instructions to Jury—Lesser Included Offenses.

Failure of a trial court to instruct a jury on lesser included offenses at a trial for armed robbery was not error where no evidence was available that could have justified the jury in convicting the defendant of a crime other than armed robbery.

Appeal from Recorder's Court of Detroit, George T. Ryan, J. Submitted Division 1 January 8, 1974, at Detroit. (Docket No. 16291.) Decided March 5, 1974. Leave to appeal applied for.

Percy L. King was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: McGregor, P. J., and Gillis and O'Hara,* JJ.

McGregor, P. J. Defendant was tried and con-

Reference for Points in Headnote

67 Am Jur 2d, Robbery § 72.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

victed by a jury of armed robbery, MCLA 750.529; MSA 28.797; he was sentenced to five to ten years imprisonment. His appeal as of right raises two issues for our consideration.

At trial, the prosecution presented four witnesses, the complainant and three police officers. The complainant testified that on the evening of July 14, 1972, he and three other men shared a bottle of wine. Soon after, one of these other men produced a knife and announced that the complainant was being held up, whereupon the complainant was wrestled to the ground. After cutting the complainant's pockets, this defendant took his money and stabbed him in the leg. The complainant then hobbled to a phone booth and called the police, describing this defendant.

The first police officer, Shannon, testified that he responded to the call by the complainant, and took a description of the defendant. The second police officer testified that he stopped the defendant and another man and asked them why they were running; after replying, these men were released. Later, when this information was coupled with that obtained by the first officer, the second officer and his partner took the defendant into custody and placed him under arrest.

Defendant admitted sharing a drink with the complainant but denied robbing him. Defendant argued alternatively that someone had attempted to rob him. With this, the defense rested.

On appeal, defense counsel raises two issues emanating from the court instructions to the jury.

The defense first contends that the trial court erred in charging the jury that they could return only one of two verdicts, guilty of armed robbery, or not guilty.

The second error claimed is that the trial court

failed to instruct the jury that their verdict had to be unanimous in order to convict.

Testimony at trial discloses two distinct theories surrounding the occasion of this crime. The complaining witness says that he was robbed and stabbed by the defendant. The defendant denies participating in this crime.

A review of the records does not indicate that any written requests were filed by either counsel. Before the jury was charged, however, the following colloquy transpired between the court and counsel:

*"The Court:* We will proceed with arguments and go directly into the charge.

*"Mr. Pliskow [defense counsel]:* The charge we are relying on is either robbery armed or not guilty.

*"The Court:* That's right. Guilty or not guilty.

*"Mr. Pliskow:* That's right. Is that correct?

*"Defendant:* Yes.

*"The Court:* All right. Otherwise it would just be the standard charge.

*"Mr. Pliskow:* That's right."

The court then proceeded to instruct the jury as follows:

"Now in this case you have only two possible verdicts. Guilty or not guilty. They will be typed up on a separate piece of paper so that you can word them properly at such time that you do reach a verdict. In the event that you return a verdict of guilty, your verdict should read as follows and I quote: 'We the jury, find the defendant King guilty as charged of robbery armed.'

"In the event that your verdict is not guilty, your verdict should read as follows and I quote: 'We the jury, find the defendant King not guilty.' "

At the conclusion of these instructions, the court

questioned counsel as to their satisfaction with the charge.

> *"The Court:* Are the people satisfied with the charge?
> *"Mrs. Galvin:* The people are satisfied, your Honor.
> *"The Court:* Is the defense satisfied with the charge?
> *"Mr. Pliskow:* The defense is satisfied.
> *"The Court:* All right. Tell the jury to commence their deliberations."

A decision reached in *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970), created some confusion. This Court has offered an interpretation of its impact. Judge V. J. BRENNAN wrote, in *People v Membres,* 34 Mich App 224, 232; 191 NW2d 66, 69 (1971);

> *"Lemmons* requires a reversal only where: (1) there is no request for an instruction on lesser offenses; (2) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it; and, (3) the court affirmatively excludes the jury from considering lesser offenses."

Since the announcement of the *Membres* decision, this Court has consistently looked to it in deciding issues of this nature. The rule has been variously stated and clarified. The Supreme Court, in *People v Herbert Van Smith, Jr,* 388 Mich 457, 462; 203 NW2d 94, 96 (1972), stated:

> "We now hold that the court's obligation to instruct the jury on the applicable law gives rise to a right in the jury to be properly instructed whether requested by counsel or not, and whether or not any request be in writing. When the evidence would support a conviction on lesser included offenses the court's failure to instruct thereon can neither be excused nor waived by the parties."

Applying these rules to the facts in the instant matter, we conclude that the trial court did not err in failing to charge on the lesser included offenses. No evidence is available that the jury could have been justified in convicting the defendant of a crime other than armed robbery. The jury could have found defendant not guilty if they believed defendant's story. However, it is apparent that the jury believed the testimony produced by the prosecution: that the complaining witness was robbed by a man with a knife who actually stabbed his victim and fled. To suggest that lesser included offenses occurred out of this fact situation would subvert the function of the jury as fact finders. This issue is of no benefit to the defendant.

The second issue—the failure of the court to inform the jury that their verdict must be unanimous—is of recent vintage to this jurisdiction. A similar issue was considered by this Court in *People v Timothy Washington,* 43 Mich App 150, 152–153; 203 NW2d 744, 745 (1972):

"The issue of substance raised by the defendant involves a purported failure by the trial court to instruct the jury that their verdict had to be unanimous. We emphasize that in all criminal cases such an instruction should be given. This is needed to avoid any confusion with verdicts in civil cases which are not required to be unanimous. Const 1963, art 1, § 14.

"In the case at bar a better instruction might have been given, however, we find no reversible error. The trial court did give the following instruction:

" 'I told you that at the beginning and I tell you that now as an instruction that the presumption of innocence begins at the moment he is accused of the crime and it continues throughout the investigatory proceedings, throughout this trial and until the jury, *the twelve of you* have decided that the people have met their burden * * * .' [Emphasis added by the Court.]

"In addition, trial counsel for the defendant did not request a further instruction and indicated satisfaction with the instructions as given. Counsel also declined the trial court's offer to poll the jury."

The factual setting surrounding the instructions given by this court differ only in the trial court's failure to mention that *"the twelve of you"* had to reach a verdict. With this exemption, the instruction given by the court in this case met the standards outlined by *People v Washington* and is affirmed on that basis.

Affirmed.

All concurred.