## PEOPLE v WILLIE JOHNSON

1. CRIMINAL LAW—JURY VERDICTS—INCONSISTENT VERDICTS.

   Jury verdicts are only inconsistent if they cannot be explained in any rational manner.

2. RAPE—SODOMY—JURY VERDICTS—INCONSISTENT VERDICTS—CONSENT.

   A jury verdict in which a defendant was acquitted of a charge of rape and found guilty of assault with intent to commit sodomy is not inconsistent; the jury was free to believe parts of the testimony of both the complainant and the defendant, and could have fairly concluded on the evidence that the complainant consented to intercourse but was forced to commit acts of sodomy.

3. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—JURY VERDICTS—UNANIMOUS VERDICTS—PRESERVING QUESTION—MANIFEST INJUSTICE.

   A trial court should instruct the jury that a verdict of guilty must be unanimous, but failure to explicitly instruct them in this regard is not reversible error where the defendant did not object to the charge as given, where he indicated his satisfaction with the charge, and where there was no manifest injustice.

4. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—JURY VERDICTS—UNANIMOUS VERDICTS—POLL OF JURY—PRESERVING QUESTION.

   Failure of the court to explicitly instruct the jury on the necessity for a unanimous verdict cannot be urged as a basis for reversal where the defendant was given the opportunity to poll

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trial § 1155 et seq.
[2] 65 Am Jur 2d, Rape § 88 et seq.
   70 Am Jur 2d, Sodomy §§ 14, 18.
   75 Am Jur 2d, Trial § 319 et seq.
[3, 4] 75 Am Jur 2d, Trial §§ 109, 262, 419, 756, 884 et seq.
   76 Am Jur 2d, Trial §§ 1112–1114.
[4] 76 Am Jur 2d, Trial § 1122 et seq.

the jury, so that the alleged error could have been cured prior to the discharge of the jury, and he declined to do so.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 November 12, 1974, at Detroit. (Docket No. 19455.) Decided January 29, 1975. Leave to appeal applied for.

Willie E. Johnson was convicted of assault with intent to commit sodomy. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BASHARA, P. J. and DANHOF and VAN VALKENBURG,* JJ.

BASHARA, P. J. Defendant, along with co-defendant Edwards, was tried for rape, MCLA 750.520; MSA 28.788, assault with intent to commit sodomy, MCLA 750.85; MSA 28.280, and assault with intent to commit gross indecency, MCLA 750.85; MSA 28.280. On November 21, 1973, a jury in Recorder's Court found defendant guilty of assault with intent to commit sodomy, but acquitted as to the remaining charges.

Complainant, Geraldine Ratliff, testified that she was returning from a visit with a friend at about midnight. She met two other friends while walking

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

home and stopped to talk. Defendant and Edwards approached her, ordered her two friends to leave, and dragged her into an abandoned building. They threw her down and forced vaginal, anal and oral intercourse on her. She testified that she did not consent to any of defendants' actions and that she had never seen either man before.

Defendant testified that he met complainant on the street and she suggested that he come with her. While outside defendant and his co-defendant, Edwards, and the complainant drank some wine. When a police car drove by all three went inside. Defendant testified that he had vaginal intercourse with complainant but that she consented to it. He denied having oral or anal sex with complainant.

Defendant first argues that the jury by acquitting him of the charge of rape found that the complainant consented to have intercourse. Defendant then claims since the complainant consented to intercourse, the jury's verdict finding him guilty of assault with intent to commit sodomy was inconsistent.

Jury verdicts are only inconsistent if they cannot be explained in any rational manner. *People v Phillips,* 43 Mich App 581; 204 NW2d 250 (1972); *People v Widgren,* 53 Mich App 375; 220 NW2d 130 (1974).

Assuming that the jury found complainant consented to intercourse, it does not necessarily follow that the jury must find she consented to other crimes. Assault with intent to commit sodomy and rape are distinct and separate crimes, each having different elements. Consent to intercourse is not the same as consent to sodomy. The jury was not obligated to believe the complainant's nor the defendant's testimony in totality. They were free to believe parts of each. *People v Camak,* 5 Mich

App 655; 147 NW2d 746 (1967); *People v Gray,* 23 Mich App 139; 178 NW2d 172 (1970). While the jury evidently believed the defendant's testimony that the complainant consented to intercourse, they apparently believed the complainant when she testified that acts of sodomy were forced upon her.

We think the jury could have fairly concluded on the evidence that the complainant consented to intercourse but was forced to commit acts of sodomy. Thus, a rational basis for the verdict is present.

Defendant next contends that reversible error was committed by the trial judge when she failed to explicitly instruct the jury that a verdict of guilty must be a unanimous verdict of all the members of the jury.

This assignment of error, although not totally new to our jurisdiction, is of recent vintage. In *People v Washington,* 43 Mich App 150; 203 NW2d 744 (1972), and *People v King;*[1] 51 Mich App 788; 216 NW2d 76 (1974), this Court was called upon to decide the same allegation of error. In both *Washington, supra,* and *King, supra,* it was emphasized that a trial court should instruct the jury that their verdicts must be unanimous. We are in agreement with this rule and would caution trial courts that they should so instruct juries.

GCR 1963, 516.2 provides that "No party may assign as error the giving or the failure to give an instruction unless he objects thereto * * * ." An examination of the record in this case discloses that defendant was given an opportunity to object to the charge as given. He did not do so. In fact defendant indicated he was satisfied with the

[1] In *People v King, supra,* application for leave to appeal has been filed with the Supreme Court.

charge. If there was any error, it could have easily been cured by the requesting of a supplemental instruction. "Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

In addition, defendant declined a specific offer by the trial court to have the jury polled as provided by GCR 1963, 512.2. If defendant had any doubt as to the unanimity of the jury verdict, he would have had the jury polled. Defendant cannot on appeal urge reversal where the alleged error could have been cured prior to the discharge of the jury.

Further, the instructions given in this case comport with those given in *People v King, supra,* where another panel of our Court rejected the same argument posited by defendant.

There being no manifest injustice, this allegation of error is not properly before us. *People v Everett,* 27 Mich App 120; 183 NW2d 378 (1970). *People v Compian,* 38 Mich App 289; 196 NW2d 353 (1972).

Affirmed.