PEOPLE v WHALEN

1. RECEIVING STOLEN GOODS—CRIMINAL LAW—PRELIMINARY EXAMI-
   NATION—PROBABLE CAUSE—CONCLUSIVE PROOF—IDENTITY OF
   GOODS.

   The people, at a preliminary examination on a charge of receiv-
   ing and concealing stolen property, must show that the crime
   has been committed and that there is probable cause to believe
   that the defendant committed it; there is no requirement that
   there be "conclusive proof" of the identity of the stolen prop-
   erty.

2. CRIMINAL LAW—EVIDENCE—SCHEME, PLAN OR SYSTEM—ADMISSIBIL-
   ITY—STATUTES.

   Evidence which tends to show a plan to build a bicycle with
   stolen parts is admissible at a trial for receiving and concealing
   stolen property (MCLA 768.27; MSA 28.1050).

Appeal from Grand Traverse, William R. Brown,
J. Submitted June 23, 1977, at Detroit. (Docket No.
30020.) Decided December 5, 1977.

Timothy A. Whalen was convicted of receiving
and concealing stolen property. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John D. Foresman,*
Prosecuting Attorney (Prosecuting Attorneys Ap-
pellate Service, by *Thomas C. Nelson,* Assistant
Attorney General), for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 443, 449.
[2] 29 Am Jur 2d, Evidence §§ 249, 251–257, 267.

*Williams, Coulter, Cunningham, Davidson & Read,* for defendant on appeal.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

P. R. MAHINSKE, J. Defendant was convicted by a jury of receiving and concealing stolen property in violation of MCLA 750.535; MSA 28.803. He appeals as of right, contending that the evidence adduced at the preliminary examination was insufficient to show that the property allegedly received and concealed was the same property as that stolen. We disagree.

Defendant's conviction resulted from his possession of certain high performance component bicycle parts which resembled those stolen from a bicycle shop in a July, 1975, breaking and entering. At the preliminary examination, the manager of the bicycle shop gave a detailed description of the unusual combination of relatively rare items stolen. He identified the components found in defendant's possession and stated that they were "identical" to those stolen from his shop. However, since the parts stolen had no serial numbers, the witness could not be certain that they were indeed the same parts.

Other preliminary examination evidence included the following statement made by defendant to police:

"You know the—the stuff I stole—I mean, the stuff I bought from [the bicycle shop] doesn't have serial numbers on it, anyway."

On appeal defendant contends that the trial

* Circuit judge, sitting on the Court of Appeals by assignment.

court erred in denying his motion to quash the information. Defendant states that the prosecutor failed to establish the element of identity at the preliminary examination, and bases his claim on certain language in *People v Martinovich,* 18 Mich App 253, 257–258; 170 NW2d 899 (1969):

"The identity of the exact goods seized from the trunk must be proven to be the same as the goods alleged to have been stolen. Probable cause to believe that the goods were those stolen is not enough. Proof that the goods found in defendants' possession were the same as the goods alleged to have been stolen must be introduced to supply a basis for the findings of probable cause required of the magistrate at the preliminary examination."

We reject defendant's contention that the above language somehow abrogates the usual probable cause standard. Our review of the cases convinces us that there is no requirement of "conclusive proof" at the preliminary examination for the element of identity. If this were the case, then how could the trial judge instruct at trial that each element of the crime must be proven beyond a reasonable doubt? The cases do not require a standard greater than reasonable doubt at any stage of the proceedings. See *People v Moloney,* 113 Mich 536, 537–538; 71 NW 866 (1897), *People v Tillman,* 59 Mich App 768, 771–772; 229 NW2d 922 (1975), *People v McLott,* 55 Mich App 198, 202–203; 222 NW2d 178 (1974). In a prosecution for receiving and concealing stolen property, as in any other prosecution, at the preliminary examination the people must show that a crime has been committed and that there is probable cause to believe the defendant committed it. MCLA 766.13; MSA 28.931, *People v Asta,* 337 Mich 590, 609–610; 60 NW2d 472 (1953). In the present case

the people did so. Compare *Martinovich, supra,* where the people failed to produce either the items allegedly received and concealed or a witness who could state that the items were the same as those found in defendant's possession.

Here the evidence adduced at the preliminary examination was quite sufficient to bind over the defendant. In addition to the evidence referred to above, it included 1) testimony from the manager of the bicycle shop that defendant had for some time expressed an interest in components of the type taken in the breaking and entering, and that after the breaking and entering defendant no longer visited the store, 2) testimony of an acquaintance of defendant that defendant's bicycle underwent a change of components over the summer, and 3) testimony of another acquaintance that defendant had sold certain bicycle components—matching the description of some of those stolen—to him at a price less than retail. This evidence, coupled with defendant's slip of the tongue and the manager's identification, was a sufficient preliminary examination showing on the element of identity.

Defendant also contends that the trial court abused its discretion in admitting evidence that defendant's bicycle frame had been stolen. We find no merit in this argument. The evidence tended to show a plan to build a customized bicycle with stolen parts, and was properly admitted under MCLA 768.27; MSA 28.1050. See *People v Fleish,* 306 Mich 8, 11; 9 NW2d 905 (1943), *People v Di Pietro,* 214 Mich 507, 511–512; 183 NW 22 (1921).

Affirmed.

D. C. RILEY, P. J., concurs in the result only.