PEOPLE v LEWIS

Docket No. 77-1603. Submitted November 13, 1979, at Detroit.—Decided June 16, 1980.

Raleigh E. Lewis was convicted of assault with intent to do great bodily harm less than murder in Detroit Recorder's Court, Michael Connor, J. Defense counsel asked to have the jury individually polled. Inadvertently, one juror was not questioned regarding her finding on the defendant. The defendant failed to notify the court of the oversight at the time the jury was polled. The defendant appeals. *Held:*

1. The right to poll the jury is protected by statute but it is not an absolute right and may be waived if not promptly asserted.

2. Absent manifest injustice, the Court of Appeals will not review a claim of jury polling irregularity where there has been no objection lodged at trial.

Affirmed.

1. JURY — POLLING — RIGHT — WAIVER.

The right to poll the jury is protected by statute but it is not an absolute right and may be waived if not promptly asserted.

2. APPEAL — JURY — POLLING — IRREGULARITIES — REVIEW.

Absent manifest injustice, the Court of Appeals will not review a claim of jury polling irregularity where there has been no objection lodged at trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Michael R. Mueller* and *Larry L. Roberts,* Assistant Prosecuting Attorneys, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trial §§ 1122-1127.
Accused's right to poll of jury. 49 ALR2d 619.
[2] 5 Am Jur 2d, Appeal and Error § 545, *et seq.*

*Kenneth A. Webb,* for defendant on appeal.

Before: BRONSON, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

D. C. RILEY, J. After a jury trial commencing on January 17, 1977, defendant was convicted of assault with intent to do great bodily harm less than murder, contrary to MCL 750.84; MSA 28.279. He was sentenced on February 10, 1977, to 4-1/2 to 10 years in prison and now appeals as of right. Defendant poses one question for our consideration—Is reversal mandated when, during a requested polling of the jury, one juror is not questioned regarding her verdict?

This issue arose at the instant trial when the jury returned to announce the verdict. In response to the court clerk's questioning, all of the members of the jury agreed that they had found defendant guilty of the charged crime. Defendant's counsel asked to have the jury individually polled and this was then done. However, one juror inadvertently was not questioned regarding her finding on defendant. Defendant asks that we reverse his conviction and grant him a new trial based on this oversight.[1]

It is well settled in this state that either party may request a polling of the jury following the verdict's announcement.

".2 Return; Poll. The jury agreeing on a verdict shall return into court and announce their verdict. A party may require a poll which shall be by the clerk asking each juror if it is his verdict. If any juror expresses

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This oversight apparently occurred due to the complexity of this trial which involved multiple defendants with multiple verdict possibilities and a resulting cumbersome polling process. The omission in this case then was evidently unintentional.

disagreement on such poll and the number of those agreeing is less than required by law, the jury shall be sent out for further deliberation; otherwise the verdict is complete and the jury shall be discharged." GCR 1963, 512.

While the right to poll the jury is protected by statute, it is not an absolute right and may be waived if not promptly asserted. *People v Johnson,* 58 Mich App 165, 169; 227 NW2d 272 (1975), *People v Rushin,* 37 Mich App 391, 399; 194 NW2d 718 (1971). This scheme corresponds to the view that errors which could have been corrected at trial are waived in the absence of an objection. *Johnson, supra.*

"Counsel cannot sit back and harbor error to be used as an appellate parachute * * *." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

Although there is no dispositive Michigan authority, we believe that a similar philosophy should apply to polling defects as utilized in other jurisdictions. In both Illinois and California for instance, failure to object to incomplete polling waives the issue for appeal. See *People v Johnson,* 18 Ill App 219; 309 NE2d 619 (1974), *People v Lessard,* 58 Cal 2d 46; 25 Cal Rptr 78; 375 P2d 46 (1962).

For our own jurisdiction, we select the procedure for testing jury verdicts followed in *People v Clarence Williams,* 37 Mich App 219; 194 NW2d 527 (1971). In that case, the trial court determined that there was a unanimous verdict from the jury's raising of hands, rather than from individual polling. Although this Court admitted that the latter procedure was preferable, it found, absent

an objection or proof of manifest injustice, that the issue was waived on appeal.

In the case *sub judice,* there was an oversight in polling one of the jurors. This error easily could have been corrected if the defendant had brought it to the trial court's attention, but this was not done. We hold that, absent manifest injustice, we will not review a claim of jury polling irregularity when there has been no objection lodged at trial. In the instant case, we find no manifest injustice based on the incomplete polling. Prior to the separate polling, the jury replied en masse that they had found defendant guilty as charged. Thus, any inadvertent error in the individual polling was harmless.

Affirmed.