STATE OF NORTH CAROLINA v. ERNEST LEE MARTIN

No. 749PA85

(Filed 18 November 1986)

**Constitutional Law § 48— defense counsel's communication of plea bargain to defendant—no ineffective assistance of counsel shown**

The trial court did not err in denying defendant's motion for appropriate relief based on ineffective assistance of counsel where defendant alleged that trial counsel failed to communicate a plea bargain offer to him, but there was no evidence that a definitive plea offer was ever made between the district attorney and defense counsel.

ON defendant's petition for review of an order entered by *Lane, J.*, at the 9 November 1984 Criminal Session of Superior Court, WAYNE County, denying defendant's Motion for Appropriate Relief based *inter alia* on ineffective assistance of counsel. Certiorari was granted by the Supreme Court on 18 February 1986. Heard in the Supreme Court 15 October 1986.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Louis D. Bilionis, Assistant Appellate Defender, for defendant-appellant.*

BROWNING, Justice.

Defendant was convicted of first-degree murder in the perpetration of a felony and was sentenced by Cowper, J. to life imprisonment at the 20 June 1977 Criminal Session of Superior Court, Wayne County. On 6 July 1984 defendant, appearing *pro se*, filed a Motion for Appropriate Relief in Superior Court, Wayne County alleging *inter alia*, ineffective assistance of counsel. Resident Superior Court Judge R. Michael Bruce appointed counsel to represent defendant. Defendant filed an Amended Motion for Appropriate Relief on 17 September 1984. This motion was heard by Lane, J. at the 9 November 1984 Criminal Session of Superior Court, Wayne County. After making findings of fact and conclusions of law, Judge Lane entered an order denying relief on 20 December 1984.

Defendant bases his Motion for Appropriate Relief on the failure of his trial counsel to communicate plea offers made by the district attorney before and during defendant's trial for murder and robbery. Specifically, defendant claims that the district attorney, Donald Jacobs, offered defendant, through his trial counsel, Herbert Hulse, Sr., a ten year sentence in exchange for a guilty plea by defendant to a lesser charge. Defendant alleges that Hulse never communicated this offer to him at any time and that Hulse's failure to communicate the alleged plea offer constitutes ineffective assistance of counsel. In conclusion, defendant contends that the superior court's findings of fact did not support a denial of his Motion for Appropriate Relief but rather compel a conclusion that appropriate relief is warranted in this case.

The standard for determining whether there has been a violation of a criminal defendant's sixth amendment right to effective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-prong test to be used in analyzing ineffective assistance of counsel claims. Under this test the defendant must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defendant to such a degree as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. at 687, 80 L.Ed. 2d at 693. The *Strickland* test was specifical-

ly adopted by the Supreme Court of North Carolina in *State v. Braswell,* 312 N.C. 553, 324 S.E. 2d 241 (1985).

In *State v. Simmons,* 65 N.C. App. 294, 309 S.E. 2d 493 (1983) the North Carolina Court of Appeals held that, absent a showing of extenuating circumstances, failure to inform a client of a plea bargain offer constitutes ineffective assistance of counsel. In *Simmons,* affidavits were filed by the assistant district attorney prosecuting the case, counsel representing the defendant, and counsel representing a codefendant acknowledging that a plea had in fact been offered by the assistant district attorney. Counsel for the defendant erroneously believed that the plea offer was conditioned on acceptance by the codefendant and failed to inform his client of the offer after the codefendant refused to accept the plea. Affidavits filed by the other parties present at the meeting indicated that the offer was not conditional on acceptance by both defendants but was rather an unconditional offer. Based upon these affidavits, the court ruled that the defendant's Sixth Amendment right to effective assistance of counsel had been violated.

In the case *sub judice,* defendant's Motion for Approriate Relief is based upon N.C.G.S. §§ 15A-1415(b)(3) and (b)(6), contending that his conviction was obtained in violation of the Constitution of the United States or the Constitution of North Carolina in that he was denied effective assistance of counsel. N.C.G.S. § 15A-1420(c) sets forth the procedural rules to be used in hearings on Motions for Appropriate Relief. Pursuant to N.C.G.S. § 15A-1420(c)(5), "[i]f an evidentiary hearing is held, the moving party has the burden of proving by a preponderance of the evidence every fact essential to support the motion." Therefore, in this case defendant had the burden during the evidentiary hearing of proving by a preponderance of the evidence that a definite plea offer was made by the district attorney to Mr. Hulse.

In *State v. Stevens,* 305 N.C. 712, 291 S.E. 2d 585 (1982), this Court held that in reviewing orders denying a defendant's Motion for Appropriate Relief, findings of fact made by the trial judge are binding upon the petitioner if they are supported by evidence. This Court in *Stevens* further stated that this rule would apply even though the evidence presented at the hearing was conflicting and notwithstanding the defendant's testimony at the hearing

to the contrary. *State v. Stevens*, 305 N.C. at 720, 291 S.E. 2d at 591; *State v. Baker*, 312 N.C. 34, 40, 320 S.E. 2d 670, 675 (1984); *State v. Bush*, 307 N.C. 152, 168, 297 S.E. 2d 563, 573 (1982).

In his order denying defendant's motion, Judge Lane made numerous findings of fact. Specifically as to the existence of a plea offer, Judge Lane found:

16. That the District Attorney for the State does not recall whether or not if he communicated an offer to the Defendant's attorney for a plea bargain;

17. That the Attorney for the Defendant does not recall any such offer, and did not communicate such an offer;

Lastly, it should be noted that Judge Lane made no finding of fact that there was any direct communication of a definite plea offer between Mr. Jacobs and Mr. Hulse.

After a careful review of the motion hearing transcript, we also find no evidence that there was any direct offer of a definite plea between Mr. Jacobs and Mr. Hulse. Specifically the motion hearing transcript includes sworn testimony by Mr. Hulse that he never received a plea offer from Mr. Jacobs. At the motion hearing Mr. Hulse testified about the alleged offer of a plea bargain as follows:

Mr. Jacobs, I, uh, was never offered by anybody at anytime to my recollection a proposal to plead Ernest Martin guilty in exchange for a — sentence of ten years. I know I never received any such offer from you. I know you and I never discussed it, uh, from that standpoint. There might have been some vague discussions about a plea of guilty and leaving the punishment up to the Judge. . . .

Additionally, the transcript shows that Mr. Hulse reaffirmed this statement on several other occasions during direct and cross examination. Finally, District Attorney Jacobs stated during the hearing that, "I searched by memory and I cannot definitely say one way or another whether or not I offered any plea, whether or not I didn't offer any plea. I just don't remember." Therefore, the factual situation in the case *sub judice* is in sharp contrast to that in *Simmons*, as here there is no evidence that a definitive plea of-

fer was ever made between the district attorney and the defense counsel.

We do not find it unusal that Mr. Jacobs might fail, in 1984, to remember the events of a case which happened some seven years earlier. Where, as in this case, defendant had knowledge of the alleged wrong immediately after trial and failed to timely raise the issue, it is not unreasonable to surmise that memories would be faded and that defendant would be unable to carry the required burden of proof.

After a careful examination of the evidence, as preserved in the motion hearing record, we cannot find that defendant has satisfied his burden of proof by proving by a preponderance of the evidence that a definite plea offer was made by the district attorney to Mr. Hulse. Additionally, as there is evidence to support the findings of fact made by Judge Lane, we are compelled to uphold his order denying relief. Although the record presents conflicting evidence, there is no direct evidence that a definitive plea offer was ever made between District Attorney Jacobs and Mr. Hulse. The record clearly shows that Mr. Hulse, under oath, unequivocally denied that any such offer was made and that the district attorney, Mr. Jacobs, does not recall whether any such offer was made. In light of these facts, and the record as a whole, we find that Judge Lane did not abuse his discretion in denying defendant's Motion for Appropriate Relief.

No error.