PEOPLE v CARTER (ON REHEARING)

Docket No. 98575. Submitted October 4, 1990, at Detroit. Decided July 23, 1991, at 9:30 A.M.

Vernard Carter was convicted, following a bench trial in the Detroit Recorder's Court, Michael J. Talbot, J., of first-degree murder, assault with intent to murder, and possession of a firearm during the commission of a felony. The Court of Appeals consolidated the case with that of two codefendants and reversed and remanded Carter's case for a new trial, finding that he was denied the effective assistance of counsel because of his trial counsel's failure to convey to him an authorized plea offer. 186 Mich App 625 (1990). The Court of Appeals, on its own motion, granted rehearing to decide whether its disposition was proper.

On rehearing, the Court of Appeals *held:*

The defendant's convictions are not reversed. Instead, the case is remanded for an evidentiary hearing to determine whether the defendant was prejudiced by his counsel's failure to convey an authorized plea offer.

If the court determines that the defendant would not have accepted the offer, then the defendant was not prejudiced and is not entitled to relief. If it determines that he would have accepted the offer, then he was prejudiced and would be entitled to reversal of his convictions and an opportunity for a hearing to plead guilty of second-degree murder and felony-firearm, with a minimum sentence of twenty-five years, consistent with the offer.

Remanded.

1. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL — PLEA OFFERS.

The determination whether a defendant was prejudiced by a defense counsel's failure to communicate an authorized plea offer, resulting in a conviction and sentence substantially

REFERENCES

Am Jur 2d, Criminal Law §§ 984, 985.

Adequacy of defense counsel's representation of criminal client regarding plea bargaining. 8 ALR4th 660.

greater than that offered, requires finding whether the defendant would have accepted the offer had it been conveyed to him; if the offer would not have been accepted, there was no prejudice.

2. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL — PLEA
OFFERS — APPEAL.

The appropriate remedy where a defendant has been prejudiced by defense counsel's failure to communicate an authorized plea offer, and has been convicted and sentenced as a result for a substantially greater term than that offered, is reversal of the convictions and remand for a hearing to permit the defendant to plead guilty of a lesser charge consistent with the offer.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training, and Appeals, and *Jan J. Raven* and *John P. Puleo,* Assistant Prosecuting Attorneys, for the people.

*Neil H. Fink* and *Mark J. Kriger,* for the defendant.

ON REHEARING

Before: DANHOF, C.J., and CAVANAGH and W. R. BEASLEY,* JJ.

PER CURIAM. On August 17, 1986, a young woman was killed and another young woman was seriously injured in a shooting incident in Detroit. Two defendants, Damion Todd and Vernard Carter, were convicted of first-degree murder, MCL 750.316; MSA 28.548, assault with intent to murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). A third defendant, Derrick McClure was convicted of second-degree mur-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

der, MCL 750.317; MSA 28.549, assault with intent to commit great bodily harm, MCL 750.84; MSA 28.279, and felony-firearm, MCL 750.227b; MSA 28.424(2). The three defendants' cases were consolidated for our review.

On December 17, 1990, this Court issued a published opinion in which we affirmed the convictions of defendants Todd and McClure, but reversed defendant Carter's convictions. *People v Todd,* 186 Mich App 625; 465 NW2d 380 (1990). Regarding Carter, we found that he was denied the effective assistance of counsel because his defense counsel failed to convey to him an authorized plea offer. *Id.,* pp 633-637. We therefore reversed defendant's convictions and remanded for a new trial. *Id.,* pp 636-637. We have now granted rehearing on our own motion to decide whether our disposition of Carter's case was proper. On rehearing, we do not reverse defendant's convictions. Instead, we remand for an evidentiary hearing to determine whether defendant was prejudiced by his counsel's failures. We also adopt a different remedy to be afforded defendant should the trial court determine that he was prejudiced.

In our original opinion, we cited with approval a previous opinion of this Court, *People v Williams,* 171 Mich App 234, 241-242; 429 NW2d 649 (1988), lv den 432 Mich 913 (1989), cert den 493 US 956 (1989), where it was decided that an attorney's failure to advise his client of a plea bargain offer may be ineffective assistance of counsel. *Todd, supra,* p 634. On the basis of testimony of defendant's trial counsel at the posttrial *Ginther*[1] hearing in this case, we held that defendant was denied the effective assistance of counsel. *Todd,* pp 635-636. In addressing whether defendant was

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

prejudiced,[2] we said, "Since defendant received a conviction and sentence that was substantially greater than the plea offer, he was prejudiced by the error." *Todd,* p 636.

After additional circumspection, we now believe that our focus on the prejudice issue was misplaced. That is, even though defendant received a sentence that was longer than the one in the plea offer, he could not have been prejudiced unless he would have accepted the plea offer had it been conveyed. Therefore, we now remand to the trial court for an evidentiary hearing where the court is to determine whether defendant would have accepted the plea offer. If the court determines that defendant would not have accepted the offer, then defendant was not prejudiced and he is not entitled to relief on his ineffective assistance claim. If, however, the court determines that defendant would have accepted the plea offer, then defendant was prejudiced, and he would be entitled to relief.[3]

Regarding the form of relief to which defendant would be entitled, in our original opinion we simply reversed and remanded for a new trial. However, after reexamining our position on this point as well, we have determined that a simple reversal of defendant's convictions was not an appropriate remedy for the constitutional violation. See *United States v Morrison,* 449 US 361, 364; 101 S Ct 665;

[2] It is now established that in order for a defendant to prevail on an ineffective assistance of counsel claim, the counsel's deficiency must be prejudicial to the defendant. *People v Tommolino,* 187 Mich App 14; 466 NW2d 315 (1991).

[3] We noted in our original opinion that there is some indication in the record that defendant may have attended a final pretrial conference at which the plea offer was mentioned. *Todd,* p 636. We do not believe that this fact, if established, would vitiate the deficiencies of defendant's trial counsel in failing to convey and discuss the plea offer. However, the court may consider this fact in determining whether defendant would have accepted the plea had it been conveyed by his trial counsel.

66 L Ed 2d 564 (1981), where the Court said that the remedy for a deprivation of the Sixth Amendment right to counsel generally should be "tailored to the injury suffered from the constitutional violation . . . ." Because defendant was denied the opportunity to plead to a lesser charge, the appropriate remedy would be to give him that opportunity. See *Lyles v State,* 178 Ind App 398; 382 NE2d 991 (1978). Therefore, if the trial court determines that defendant was prejudiced, then his convictions are reversed and the trial court is directed to conduct a guilty plea hearing to permit him to plead guilty of second-degree murder and felony-firearm, with a minimum sentence of twenty-five years.

Remanded for an evidentiary hearing and additional proceedings consistent with this opinion. We do not retain jurisdiction.