## PEOPLE v WHITFIELD

Docket No. 155159. Submitted June 22, 1995, at Detroit. Decided
November 21, 1995, at 9:05 A.M.

Robert L. Whitfield, a minor, following a waiver of jurisdiction by
the Ingham County Probate Court, R. George Economy, J., was
convicted by a jury in the Ingham Circuit Court, Michael G.
Harrison, J., of first-degree murder, assault with intent to
commit murder, and possession of a firearm during the commis-
sion of a felony. The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in admitting
the testimony of police officers concerning the identification of
the defendant by other witnesses. MRE 801(d)(1)(c) provides
that third-party testimony about another's statement of identi-
fication is not hearsay and is admissible as substantive evidence
where, as here, the declarant has testified subject to cross-
examination about the asserted identification.

2. The claim that identifications of the defendant made at
trial by two prosecution witnesses were tainted by unduly
suggestive viewings at a juvenile waiver hearing was not raised
below and will not be reviewed by the Court of Appeals in the
absence of manifest injustice resulting from the failure of the
Court of Appeals to review the claim. Trial counsel's failure to
object to the admission of this evidence did not so prejudice the
defendant as to deprive him of a fair trial, because there was
no probability of a different outcome in view of the other
identification evidence.

3. The trial court did not err in precluding the cross-examina-
tion of a testifying accomplice concerning the consideration he
received from the prosecutor for his testimony. The jury was
informed of the accomplice's plea of guilty of first-degree mur-
der in the probate court and of the prosecutor's dismissal of
two other charges in exchange for the accomplice's testimony.

4. Alleged prejudicial remarks by the prosecutor during

REFERENCES

Am Jur 2d, Evidence §§ 560-576, 683, 701; Trial §§ 705, 707.

See ALR Index under Appeal and Error; Description and Identifica-
tion; Hearsay; Juvenile Courts and Delinquent Children; Prose-
cuting Attorneys.

closing argument were not improper. The remarks did not urge jurors to suspend their powers of critical analysis and judgment in deference to those of the police and the prosecutor. Instead, the remarks urged the jurors to resolve the case on the basis of reasoned consideration of the evidence, not sympathy for the defendant.

5. Failure by counsel to appeal to the circuit court the probate court's decision to waive jurisdiction of the defendant constituted ineffective assistance of counsel in view of the possibility that the probate court considered only the seriousness of the charged offenses to the exclusion of all other factors that should have been considered when waiving jurisdiction. The case must be remanded to allow the defendant to appeal the probate court's waiver decision. The defendant must appeal that decision to the circuit court within twenty-one days of the release of the Court of Appeals opinion.

Remanded.

1. CRIMINAL LAW — EVIDENCE — IDENTIFICATION — HEARSAY.

Third-party testimony about a person's identification of a defendant is not hearsay and is admissible as substantive evidence where the declarant has testified subject to cross-examination about the asserted identification (MRE 801[d][1][c]).

2. CRIMINAL LAW — EVIDENCE — IDENTIFICATION — APPEAL.

Issues concerning procedures used to identify a defendant that are not raised at trial will not be reviewed by the Court of Appeals unless refusal to do so would result in manifest injustice.

3. PROSECUTING ATTORNEYS — CLOSING ARGUMENTS — APPEAL.

A defendant's failure to object during trial precludes appellate review of alleged prejudicial remarks by the prosecutor during closing argument unless the prejudicial effect would not have been cured by a cautionary instruction and failure to consider the issue would result in a miscarriage of justice.

4. INFANTS — CRIMINAL LAW — WAIVER OF PROBATE COURT JURISDICTION.

A probate court deciding whether to waive jurisdiction over a minor accused of a criminal offense should not give the seriousness of the offense preeminence over other factors that must be considered in deciding waiver of jurisdiction.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prose-

cuting Attorney, and *Susan L. LeDuc,* Deputy Chief Assistant Prosecutor, for the people.

State Appellate Defender (by *Susan M. Meinberg*), for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and D. J. KELLY,* JJ.

PER CURIAM. Defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), on June 26, 1992, and was sentenced to life imprisonment without parole for the first-degree murder conviction, fifteen to fifty years' imprisonment for the assault with intent to commit murder conviction, and a consecutive two years' imprisonment for the felony-firearm conviction. These convictions resulted from the killing of one person and the wounding of another during a holdup on January 19, 1992. The defendant was sixteen years old at the time of the offenses. Defendant appeals as of right.

Defendant asks this Court to reverse the convictions and grant a new trial because the court admitted as substantive evidence extrajudicial identifications by a third party during the prosecution's case. A review of the record indicates that testimony of investigating officers was admitted concerning other witnesses' prior identifications of defendant. MRE 801(d)(1)(C) provides that third-party testimony about another's statement of identification, where the declarant has testified subject to cross-examination about the asserted identification, is not hearsay and is admissible as substan-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tive evidence. *People v Malone*, 445 Mich 369, 377; 518 NW2d 418 (1994). The trial court did not abuse its discretion in admitting the testimony of the officers concerning the identifications made by other witnesses.

Defendant next claims that in-court identifications by two prosecution witnesses were irreparably tainted by unduly suggestive viewings at a juvenile waiver hearing and that trial counsel was ineffective in his failure to move to suppress the in-court identifications. Where issues concerning identification procedures were not raised at trial, they will not be reviewed by this Court unless refusal to do so would result in manifest injustice. *People v Davis*, 146 Mich App 537, 547; 381 NW2d 759 (1985). A review of the record convinces this Court that no manifest injustice is apparent from the in-court identifications of defendant by the two witnesses present at the scene because other witnesses present at the scene made positive identifications of defendant and the failure of the prosecution witnesses to identify the defendant before trial was brought out in the testimony. If there were any reasons to question the accuracy of these witnesses' identifications of defendant it was placed before the jury, which gave the testimony its due weight.

To establish that he was prejudiced by the failure of his counsel to object to these identifications, defendant would have to show that there was a reasonable probability of a different outcome. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). We are presented with no such probability. For this reason, counsel's failure to object did not so prejudice defendant as to deprive him of a fair trial.

Defendant next claims that the court erred so as to require reversal in precluding cross-examination

of an accomplice to show the total consideration the accomplice received for testifying against the defendant. The accomplice, also a juvenile, had entered a plea in probate court. A review of the testimony convinces us that the accomplice's testimony was not the result of an agreement with the prosecutor not to seek a waiver of probate court jurisdiction and that as a matter of fact a waiver had been sought for the accomplice by the prosecution and denied by the probate court. The accomplice did plead guilty of first-degree murder in the probate court and the jury was informed of this and also that the consideration for his testimony was the dismissal of two other charges. This Court finds that the consideration for the accomplice's testimony was adequately disclosed. We find no error.

Defendant next claims that prejudicial comments by the prosecutor during closing arguments denied him due process. This issue was not preserved below because an objection was not made at the time of the prosecutor's closing argument, and failure to object during trial precludes appellate review of alleged prejudicial remarks by the prosecutor unless the prejudicial effect would not have been cured by a cautionary instruction and failure to consider the issue would result in a miscarriage of justice. *People v Sharbnow,* 174 Mich App 94, 100; 435 NW2d 772 (1989). The prosecutor's remarks are reviewed as a whole in evaluating the propriety of those remarks. *People v Johnson,* 187 Mich App 621, 625; 468 NW2d 307 (1991). Placed in context, the prosecutor's remarks did not urge the jury to improperly "suspend its own powers of critical analysis and judgment in deference to those of the police and prosecutor," *People v Humphreys,* 24 Mich App 411, 418; 180 NW2d 328 (1970), but rather urged the jury to resolve the

case on the basis of reasoned consideration of the evidence, not sympathy for defendant. This Court finds that the prosecutor's remarks were not improper.

Finally, trial counsel's failure to timely appeal the decision of the probate court to waive jurisdiction over the defendant to the circuit court and subsequent failure to timely appeal by leave following the expiration of the period for appeal as of right denied the defendant effective assistance of counsel. A review of the proceedings in the probate court pursuant to MCL 712A.4(4); MSA 27.3178(598.4)(4) and MCR 5.950(B)(2)(c) clearly raises an issue regarding whether the witnesses' recommending waiver and the probate court's decision to waive was based only on the seriousness of the crime charged. This is not permissible because the seriousness of the charged offense alone will not justify a waiver. *People v Dunbar,* 423 Mich 380, 396; 377 NW2d 262 (1985); *People v Schumacher,* 75 Mich App 505; 256 NW2d 39 (1977). This Court in *Schumacher* stated, "[n]o reason appears why the 'seriousness of the offense' should gain preeminence over other factors to be assessed." *Schumacher, supra* at 512.

The testimony on which the probate court relied indicates that, in ordering waiver, the seriousness of the charged offenses may have gained preeminence over other factors and resulted in a failure to assess all factors.

This Court held in *People v Jackson,* 171 Mich App 191, 195; 429 NW2d 849 (1988), that it would not rule on the propriety of a probate court's waiver of jurisdiction unless the juvenile first sought review in the circuit court. The reasons given were that the review by the circuit court would be in the same locale as the probate court and the circuit court would be more familiar with

the available regional facilities for rehabilitation of the juvenile, the potential that an erroneous waiver decision would be more speedily considered and reversed, and, finally, that the appellate court (this Court) would be provided with an analysis, independently undertaken, of the probate court's reasons for the waiver.

The people concede that the probate court did not inform the defendant of his right to an appeal of the order waiving probate court jurisdiction. Defendant's counsel actively opposed waiver at the hearings and then inexplicably failed to take an appeal as of right within twenty-one days or thereafter by leave within six months. We believe that the failure of counsel denied defendant a reasonable possibility that appeal to the circuit court would have resulted in reversal or remand for reconsideration of the waiver order. *People v Pickens,* 446 Mich 298, 338; 521 NW2d 797 (1994).

The remedy for deprivation of the Sixth Amendment right to counsel must be tailored to the injury suffered. *People v Carter (On Rehearing),* 190 Mich App 459, 462-463; 476 NW2d 436 (1991). Here, defendant has lost his appeal as of right from the probate court's waiver decision in view of the requirement under MCR 7.101(B)(1)(a) that such an appeal must be taken within twenty-one days after the entry of the order. The closest we can get to restoring defendant's lost appeal of right is to give him the right to appeal the decision of the probate court to the circuit court within twenty-one days of the decision of this Court. On remand, the circuit court should review the propriety of the waiver decision at the time it was made. See *Dunbar, supra* at 397-398.

This defendant was denied effective assistance of counsel by his trial counsel's failure to pursue an

appeal of right or by application to the circuit court from the probate court's decision to waive jurisdiction.

Accordingly, we remand to the circuit court with instructions that defendant be allowed within twenty-one days from the date of the release of this opinion to file a claim of appeal from the probate court's waiver decision. We retain jurisdiction.