# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 17, 2017

v

No. 333147
Kalamazoo Circuit Court
LC Nos. 2015-001702-FC;
2015-001725-FH

AARON CHARLES DAVIS, JR.,

Defendant-Appellant.

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Following a jury trial, the trial court convicted defendant of first-degree home invasion, MCL 750.110a(2); four counts of assault with intent to commit armed robbery, MCL 750.89; five counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1); and three counts of resisting and obstructing a police officer, MCL 750.81d(1). Defendant appeals these convictions as of right, and we affirm.

Defendant first argues that the trial court arbitrarily deprived him of his constitutional right to retain counsel of his choice by denying his request to adjourn to provide him an opportunity to retain counsel, and to appoint new counsel in the interim. The constitutional right to counsel encompasses the right of a defendant to choose his own retained counsel. *People v Aceval*, 282 Mich App 379, 386-387; 764 NW2d 285 (2009). The right, however, is not absolute, and a court must balance the defendant's right to choice of counsel against the public's interest in the prompt and efficient administration of justice. *Id*.

The right to counsel also requires the state to provide appointed counsel to indigent defendants who cannot afford to retain counsel. *People v Jackson*, 483 Mich 271, 278; 769 NW2d 630 (2009). But an indigent person entitled to appointed counsel is not entitled to choose his own lawyer. *People v Russell*, 471 Mich 182, 192 n 25; 684 NW2d 745 (2004). Appointment of substitute counsel is warranted only upon a showing of good cause and if substitution will not unreasonably disrupt the judicial process. *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011). Inadequacy, lack of diligence, or disinterest on the part of the lawyer can establish good cause. *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973). Genuine disagreement over the use of a substantial defense or a fundamental trial tactic is adequate cause, but a mere allegation that a defendant lacks confidence in his lawyer is not. *People v Traylor*, 245 Mich App 460, 462-463; 628 NW2d 120 (2001).

A trial court is granted "wide latitude in balancing the right to counsel of choice . . . against the demands of its calendar." *US v Gonzalez-Lopez*, 548 US 140, 152; 126 S Ct 2557 (2006) (internal citations omitted). We review for an abuse of discretion the trial court's decision to deny an adjournment as well as its decision denying substitution of counsel. *People v Snider*, 239 Mich App 393, 421; 608 NW2d 502 (2000); *Traylor*, 245 Mich App at 462. An abuse of discretion occurs when the trial court's resolution is outside the range of reasoned and principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010).

"There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *People v Williams*, 386 Mich 565, 575; 194 NW2d 337 (1972) (internal citation and emphasis omitted). In this case, defendant requested an adjournment so that he could retain substitute counsel. Defendant asserted that he wished to retain the law firm of Levine and Levine and requested that the court appoint him new counsel in the interim. The trial court noted, however, that it had reached out to the firm to confirm that the firm had been or would soon be retained, but the firm confirmed that it had no knowledge of defendant or efforts to retain the firm. Additionally, defendant raised his motion on the morning of trial while a jury was waiting to be empaneled. The trial court further noted that the case was already pending for almost four months. Based on a thorough review of the proceedings, it is clear to this Court that the trial court did properly balance defendant's right to choice of counsel against the public's interest in the prompt and efficient administration of justice. *Aceval*, 282 Mich App at 386-387.

Moreover, defendant has failed to demonstrate good cause for substitution of counsel. Defendant maintained that his attorney demonstrated a lack of effort in his case because he failed to file requested motions on his behalf and failed to present an alibi defense. Defendant claimed that he and his attorney did not "see eye to eye and aren't on the same page" and claimed defense counsel was "inefficient." Defendant's attorney explained to the trial court, however, that he had numerous meetings with defendant and that defendant provided him with a possible alibi witness. His attorney stated that he investigated that witness and that he determined, "as an officer of the court," that he could not present that defense. Moreover, defendant's attorney explained to the trial court that the motions defendant wanted him to file all centered around factual issues that would need to be determined by the jury, that he believed the motions lacked merit, and that there were no questions of law to bring before the trial court. Defendant has not persuasively rebutted any of these assertions on appeal. Therefore, the circumstances of this case, and the reasons defendant provided, were not sufficient to establish good cause for granting an adjournment to substitute counsel. *Strickland*, 293 Mich App at 397.

For these reasons, we find that the trial court's decision was within the range of reasoned and principled outcomes. *Feezel*, 486 Mich at 192. The trial court did not abuse its discretion in denying defendant's motion to adjourn to substitute counsel.

In his Standard 4[1] brief, defendant next argues that trial counsel was ineffective. Because a *Ginther*[2] hearing was never held, our review is limited to mistakes apparent on the record.[3] *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). In order to find merit in a defendant's claim of ineffective assistance of counsel, the defendant must prove: (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) but for trial counsel's deficient performance, a different result would have been reasonably probable. *People v Russell*, 297 Mich App 707, 715-716; 825 NW2d 623 (2012). Counsel is presumed effective and, to prove a constitutional deprivation of the right to counsel, defendant must overcome a presumption that the challenged action or inaction might be considered sound trial strategy. *People v Leblanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). Accordingly, decisions about whether to call or question a witness are presumed to be matters of trial strategy. *Russell*, 297 Mich App at 716.

Defendant argues that defense counsel was ineffective for failing to investigate a potential alibi witness and pursue an alibi defense. We disagree. As noted above, defense counsel indicated on the record that defendant provided him with the name of a potential alibi witness, but that he could not, as an officer of the court, pursue that defense. In doing so, defense counsel implied that the alibi witness and defense lacked merit or was patently false, and therefore, counsel could not ethically present the witness or pursue the defense. Nothing in defendant's Standard 4 brief undermines this position. In fact, defendant has not offered any evidence as to the identity of the purported alibi witness, what the purported witness would have said, or how the purported witness would have helped defendant's defense.

Defendant similarly fails to establish the factual predicate underlying his argument that defense counsel was ineffective for not making enough objections, for not effectively cross-examining the prosecution's witnesses, and for failing to file motions in limine. Regarding defense counsel's failure to object, defendant merely states that defense counsel should have objected more, without providing any specific instances during trial where defense counsel should have objected or how the objections, or lack thereof, would have changed the outcome of trial. Likewise, defendant criticizes defense counsel's "go with the flow approach" to cross-examination without providing any specific instances of ineffective cross-examination, or any specific instances where a different cross-examination style would have been more effective. Finally, defendant contends that defense counsel should have filed motions to suppress evidence, motions for discovery, and a "motion of impeachment." Other than alleging that counsel should have filed the motions, defendant has not presented any evidence regarding what evidence

---

[1] Michigan Supreme Court Administrative Order No. 2004-6, Standard 4.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] Defendant did move this Court to remand for a *Ginther* hearing. This Court, however, denied that request, concluding that defendant had "not demonstrated that further factual development of the record or an initial ruling by the trial court" was necessary for this Court to review the issues presented on appeal. *People v Davis*, unpublished order of the Court of Appeals, issued December 14, 2016 (Docket No. 333147).

should have been suppressed, what discovery should have been requested, or who should have been impeached. Therefore, defendant has failed to establish the factual predicate of his claim, *Carbin*, 463 Mich at 601, and there is no basis to conclude that a different result would have been reasonably probable.

Defendant also claims that counsel was ineffective for stipulating to combining his two cases into one. Defendant claims that the two cases were unrelated, and that the facts of the resisting and obstructing would not have otherwise been admissible in a trial regarding the remaining offenses. This is not accurate. Defendant's resisting and obstructing charges were the result of his fleeing from police when they tried to arrest him for the home invasion, assault, and felony-firearm charges. Evidence of defendant's flight is generally admissible and relevant to show consciousness of guilt. *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). Therefore, regardless of whether defense counsel stipulated to combining the cases, the evidence of defendant's flight would have been admissible during his trial for the home invasion, assault, and felony-firearm charges.

Thus, defendant was not actually deprived of a substantial defense nor was he prejudiced by counsel's performance. *People v Carbin*, 463 Mich 590, 601; 623 NW2d 884 (2001). Accordingly, we conclude that defendant received effective assistance of counsel.

Defendant next argues that he was denied a fair and impartial trial by a jury of his peers because the jury was lacking in diversity and because the prosecution improperly excused members of the jury who were of the same "ethnic background" as defendant. Nonetheless, because defendant failed to object to the makeup of the jury below, and, in fact, expressed satisfaction with the chosen jury, defendant has waived any challenge to the manner in which jury voir dire was conducted. *People v Ho*, 231 Mich App 178, 185; 585 NW2d 357 (1998). This waiver extinguished any error that may have occurred. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000).

Defendant lastly argues that several comments made during the prosecutor's closing argument constitute prosecutorial misconduct requiring reversal of his convictions. Because defendant did not contemporaneously object to the statements and request a curative instruction, our review of this unpreserved issue is limited to plain error affecting defendant's substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). To prove plain error requiring reversal, defendant must prove (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected defendant's substantial rights, i.e., that the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004).

"A prosecutor may not make a factual statement to the jury that is not supported by the evidence." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Similarly, "the prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). Nonetheless, the prosecutor "is free to argue the evidence and all reasonable inferences arising from it as they related to his or her theory of the case." *Dobek*, 274 Mich App at 66. Indeed, "[t]he prosecution has wide latitude in arguing the facts and reasonable inferences,

and need not confine argument to the blandest possible terms." *Id.* The critical inquiry is whether the prosecutor urged the jury to suspend its own judgment out of deference to the prosecutor or police. *People v Whitfield*, 214 Mich App 348, 352; 543 NW2d 347 (1995). A prosecutor's improper comments may be cured by a timely jury instruction, *Dobek*, 274 Mich App at 67, and a reviewing court cannot find error requiring reversal when a curative instruction could have alleviated any prejudicial effect, *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008).

First, defendant argues that the prosecutor engaged in misconduct when he presented evidence that an accomplice's trial testimony was pursuant to a plea agreement which required the accomplice to testify truthfully. The simple reference to a plea agreement which includes a promise to testify truthfully, however, is not by itself grounds for reversal unless the prosecution uses that reference to suggest that the government had some special knowledge, not known to the jury, that the witness was testifying truthfully or untruthfully. *Bahoda*, 448 Mich at 276. In this case, the prosecutor properly presented the plea agreement without making any indication that the government held special knowledge regarding the truthfulness of the witness's testimony.

Defendant similarly argues that the prosecution committed misconduct by vouching for defendant's purported accomplice's veracity, by stating that the jury may accept some parts of the accomplice's testimony and reject others. "A jury is free to believe all, none, or part of any person's testimony," M Crim JI 2.6(1), and we are unable to conclude, based on our review of the record, that the prosecutor was doing anything besides arguing his theory of the case from the evidence presented. Because the prosecutor did not improperly imply any special knowledge in the veracity of the witness's testimony, we find defendant's claim without merit.

Finally, defendant argues that the prosecutor committed reversible misconduct when he made "insidious remarks" by referring to defendant's fleeing from police as "consciousness of guilt." Again, the prosecutor did not err here. As noted above, evidence of defendant's flight is admissible and relevant to show consciousness of guilt. *Coleman*, 210 Mich App at 4. In this case, the prosecutor used facts that were testified to during trial and drew legally proper inferences from those facts. Moreover, after the closing arguments, the trial court instructed the jury that the lawyers' statements and arguments were not evidence. Thus, even if the prosecutor's remarks had been improper—which they were not—the trial court's jury instructions would have cured the matter.

Therefore, after a thorough examination of the record and evaluation of the prosecutor's remarks in context, we conclude that defendant was not denied a fair and impartial trial.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle

-5-